WILLIAM LEWIS *vs.* NOAH FOSTER.

Penobscot, 1875.—January 1, 1876.

*Officers. Oath.*

The commissioners appointed in accordance with R. S., c. 113, § 8, *et seq.* need not be sworn.

ON EXCEPTIONS.

On motion of the defendant's counsel, a commissioner was appointed by the court to take the disclosure of the defendant, under the 8th section of the 113th chapter of the revised statutes.

The parties appeared before the commissioner who administered the oath to the defendant, and proceeded to take his disclosure; the commissioner himself not being sworn.

The commissioner found that he was clearly entitled to the benefit of the provisions of said section, and determined that the execution run against the defendant's property only.

Upon the return of the commissioner's report in accordance with the above determination, the plaintiff's counsel appeared and in writing objected to the report and prayed that the same be rejected, set aside and annulled, for the reason that the commissioner, before entering upon the discharge of his duty, was not sworn as by law required.

The presiding justice overruled the objection ; to which ruling, in matter of law, the plaintiff excepted.

*B. Kimball,* for the plaintiff.

*H. L. Mitchell,* for the defendant.

VIRGIN, J. Public officers are usually required to take an oath of office, though by our statute there is an express exception to this rule. R. S., c. 11, § 22. So where the court, jury or commissioners, or any other body or persons are authorized by a general law to act judicially, and their appointment or selection is without the act or assent of the parties whose rights they are to determine, the law usually requires an oath. *Bradstreet* v. *Erskine,* 50 Maine, 407. The office of commissioner whose appointment and duties are prescribed in R. S., c. 113, § 8, *et seq.,* is a statute office ; and neither this nor any general statute requires him to take an official oath. Even if it did, the objection comes too late. *Raymond* v. *Co. Commissioners of Cumb. Co.,* 63 Maine, 110.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.